Citation Nr: 1434262 
Decision Date: 07/31/14 Archive Date: 08/04/14

DOCKET NO. 10-08 779 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Los Angeles, California


THE ISSUE

Entitlement to service connection for right ear hearing loss. 


REPRESENTATION

Veteran represented by: California Department of Veterans Affairs


ATTORNEY FOR THE BOARD

D. Martz Ames, Counsel


INTRODUCTION

The Veteran had active service from November 1968 to August 1970.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a September 2009 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in San Diego, California. Jurisdiction over the Veteran's claims file was subsequently transferred to the VA RO in Los Angeles, California. 

The September 2009 rating decision also denied service connection for diabetes mellitus, residuals of a left fifth finger fracture, and left ear hearing loss. The Veteran perfected his appeal of these issues in his February 2010 VA Form 9. In a January 2013 rating decision, the RO granted service connection for diabetes mellitus, residuals of a left fifth finger fracture, and left ear hearing loss. The Veteran has not filed a notice of disagreement (NOD) with regard to any appealable determination made in the January 2013 rating decision, including the schedular rating or effective date assigned by the RO. Therefore, these matters are not currently before the Board. See 38 C.F.R. §§ 20.200 , 20.201, 20.302 (2013); Grantham v. Brown, 114 F.3d 1156 (Fed. Cir. 1997).

In his February 2010 VA Form 9, the Veteran requested a Travel Board hearing. In March 2010, he withdrew his request and informed the RO that he wanted a video conference hearing instead. He was then notified in February 2013 that he was scheduled for a video conference hearing in March 2013. In February 2013, the Veteran again withdrew his hearing request and opted to testify at a Travel Board hearing. In July 2013, the Board remanded this case to the RO so that the Veteran could be afforded a Travel Board hearing. In April 2014, he was notified that a Travel Board hearing was scheduled in July 2014. However, in May 2014, the Veteran withdrew his hearing request. Therefore, the Board considers the hearing request cancelled, and will proceed to adjudicate the case based on the evidence of record. See 38 C.F.R. § 20.704 (2013). 

The case has been returned to the Board following completion of the Board's July 2013 remand directives. 


FINDING OF FACT

The Veteran's right ear hearing loss does not meet the regulatory threshold criteria to be considered a disability for VA purposes. 


CONCLUSION OF LAW

The criteria for entitlement to service connection for right ear hearing loss are not met. 38 U.S.C.A. §§ 1101, 1110, 1112, 1113, 5103, 5103A, 5107(b) (West 2002); 38 C.F.R. §§ 3.102, 3.159, 3.303, 3.385 (2013).


REASONS AND BASES FOR FINDING AND CONCLUSION

I. Duty to Notify and Assist

VA has met all statutory and regulatory notice and duty to assist provisions set forth in the Veterans Claims Assistance Act of 2000 (VCAA). 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5107, 5126 (West 2002 and Supp. 2013); 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326(a) (2013). Prior to initial adjudication, a letter dated in July 2009 satisfied the duty to notify provisions with regard to the Veteran's service connection claim. The Veteran's service treatment records and VA medical treatment records have been obtained. A VA examination adequate for adjudication purposes was provided to the Veteran in connection with his claim. See McLendon v. Nicholson, 20 Vet. App. 79 (2006); Barr v. Nicholson, 21 Vet. App. 303, 311 (2007). 

As there is no indication that any failure on the part of VA to provide additional notice or assistance reasonably affects the outcome of this case, the Board finds that any such failure is harmless. See Mayfield v. Nicholson, 20 Vet. App. 537 (2006); see also Dingess/Hartman v. Nicholson, 19 Vet. App. 473 (2006). Further, the purpose behind the notice requirement has been satisfied because the Veteran has been afforded a meaningful opportunity to participate effectively in the processing of his claim, to include the opportunity to present pertinent evidence. Shinseki v. Sanders, 556 U. S. 396, 129 S. Ct. 1696 (2009). 

There was substantial compliance with the Board's July 2013 remand directives because the RO scheduled a Travel Board hearing for the Veteran in July 2014. See Stegall v. West, 11 Vet. App. 268 (1998). However, the Veteran withdrew his hearing request, as noted above. 

II. Entitlement to Service Connection for Right Ear Hearing Loss

Service connection may be granted for a disability resulting from disease or injury incurred in or aggravated by active military service. 38 U.S.C.A. § 1110 (West 2002 and Supp. 2013); 38 C.F.R. § 3.303 (2013). That an injury or disease occurred in service is not enough; there must be chronic disability resulting from that injury or disease. If there is no showing of a resulting chronic condition during service, then a showing of continuity of symptomatology after service is required to support a finding of chronicity for certain diseases. 38 C.F.R. §§ 3.303(a),(b), 3.309(a) (2013); see also Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013). Service connection may also be granted for any disease diagnosed after discharge, when all the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d) (2013).

In order to establish service connection for the claimed disorder, there must be (1) medical evidence of a current disability; (2) medical, or in certain circumstances, lay evidence of in-service incurrence or aggravation of a disease or injury; and (3) medical, or in certain circumstances, lay evidence of a nexus between the claimed in-service disease or injury and the current disability. See 38 C.F.R. § 3.303 (2013); see also Shedden v. Principi, 381 F.3d 1163, 1166-67 (Fed. Cir. 2004); Hickson v. West, 12 Vet. App. 247, 253 (1999); Davidson v. Shinseki, 581 F.3d 1313, 1316 (Fed. Cir. 2009). 

Alternatively, the nexus requirement may be satisfied by evidence that a chronic disease subject to presumptive service connection (here, sensorineural hearing loss) manifested itself to a compensable degree within one year of separation from service. 38 U.S.C.A. §§ 1101, 1112 (West 2002 and Supp. 2013); 38 C.F.R. §§ 3.307, 3.309 (2013). 

Although the Board has an obligation to provide reasons and bases supporting this decision, there is no need to discuss, in detail, all of the evidence submitted by the Veteran or on his behalf. See Gonzales v. West, 218 F.3d 1378, 1380-81 (Fed. Cir. 2000). The analysis herein focuses on the most salient and relevant evidence and on what this evidence shows, or fails to show, on the claim. See Timberlake v. Gober, 14 Vet. App. 122 (2000). 

The standard of proof to be applied in decisions on claims for veterans' benefits is set forth in 38 U.S.C.A. § 5107 (West 2002). A claimant is entitled to the benefit of the doubt when there is an approximate balance of positive and negative evidence. See 38 C.F.R. § 3.102. When a claimant seeks benefits and the evidence is in relative equipoise, the claimant prevails. See Gilbert v. Derwinski, 1 Vet. App. 49 (1990). The preponderance of the evidence must be against the claim for benefits to be denied. See Alemany v. Brown, 9 Vet. App. 518 (1996). 

For VA purposes, impaired hearing will be considered a disability when the auditory threshold for any of the frequencies of 500, 1000, 2000, 3000 and 4000 Hertz is 40 decibels or greater; the auditory thresholds for at least three of these frequencies are 26 decibels or greater; or speech recognition scores using the Maryland CNC Test are less than 94 percent. 38 C.F.R. § 3.385 (2013). The threshold for normal hearing is between 0 and 20 decibels and higher thresholds show some degree of hearing loss. Hensley v. Brown, 5 Vet. App. 155, 157 (1993).

The Veteran underwent a VA examination in November 2012. His pure tone thresholds, in decibels, were as follows: 




HERTZ



500
1000
2000
3000
4000
RIGHT
10
0
0
15
30

The average pure tone threshold was 11 in the right ear and his word recognition score using the Maryland CNC test was 100 percent. The results of the November 2012 VA examination show that the Veteran's level of right ear hearing loss does not meet the criteria set forth in 38 C.F.R. § 3.385 and therefore may not be considered a disability for VA purposes. 

At no time during the appeal period has the Veteran's right ear hearing loss met the threshold criteria set forth in 38 C.F.R. § 3.385. Additionally the Veteran's speech recognition scores using the Maryland CNC Test have not been less than 94 percent. Thus, the Board finds that his right ear hearing loss does not meet the criteria to qualify as a disability for VA purposes. 38 C.F.R. § 3.385 (2013). Service connection for right ear hearing loss is therefore not warranted. See Hensley, 5 Vet. App. 155 (holding that the provisions of 38 C.F.R. § 3.385 prohibit the award of service connection for hearing loss where audiometric test scores are within the established limits). 

In the present case, the Board finds the Veteran's assertion that he was exposed to acoustic trauma in service to be competent and credible. Layno v. Brown, 6 Vet. App. 465 (1994); Barr v. Nicholson, 21 Vet. App. 303, 308 (2007). Further, the Board does not doubt his ability to perceive changes in his audiological acuity. However, a grant of service connection for right ear hearing loss must be predicated on objective testing findings corresponding to the criteria of 38 C.F.R. § 3.385. In this case, absent medical or audiological training, credentials, or other demonstrated expertise, the Veteran is unable to provide a competent lay opinion about whether the specific criteria for an audiological disability for VA purposes were met at any specific point in time. Kahana v. Shinseki, 24 Vet. App. 428 (2011). 

The Board emphasizes that Congress specifically limited entitlement to service connection for disease or injury to cases where such incidents have resulted in a disability. 38 U.S.C.A. § 1110 (West 2002 and Supp. 2013). Hence, in the absence of competent evidence that the Veteran currently has right ear hearing loss to an extent recognized as a disability under the governing regulation, there can be no award of service connection. Gilpin v. West, 155 F.3d 1353 (Fed. Cir. 1998); Brammer v. Derwinski, 3 Vet. App. 223 (1992). 

Based upon the foregoing, the Board finds that the preponderance of the evidence is against the claim, and service connection for right ear hearing loss must be denied. 38 U.S.C.A. § 5107(b); Gilbert v. Derwinski, 1 Vet. App. 49 (1990). 


ORDER

Service connection for right ear hearing loss is denied. 



____________________________________________
K. PARAKKAL
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs